UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:17-cv-00108-TBR

RHONDA HARDESTY                                                                                    PLAINTIFF

v.

S.I.T., Inc.                                                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant's Motion to Dismiss for lack of personal jurisdiction. [DN 4.] Plaintiff Rhonda Hardesty ("Ms. Hardesty" or "Plaintiff") has responded [DN 5], and Defendant S.I.T., Inc. ("Defendant") has replied. [DN 6.] This matter is ripe for adjudication. For the following reasons, Defendant's motion is **DENIED WITHOUT PREJUDICE.**

### I. BACKGROUND

On July 2, 2016, Ms. Hardesty, a resident of McCracken County, Kentucky, purchased a plastic chair from the Cash Saver store in Paducah, McCracken County, Kentucky. In her Complaint, Ms. Hardesty describes the chair in question as a "stackable plastic chair traditionally used for outdoor use. The chair was of molded plastic and consisted of one piece." [DN 1-3.] After returning home, Ms. Hardesty claims she sat in the chair and that, after a few minutes, the back right leg of the chair broke, causing it to collapse. [*Id.* at 4.] Ms. Hardesty claims that, as a result of the chair's collapse, she has suffered certain injuries and has incurred certain medical expenses associated with such injuries. [*Id.*]

Ms. Hardesty alleges that Defendant is the manufacturer of the chair in question, and that the chair was defective when she purchased it. [*Id.*] Both Defendant's Motion to Dismiss [DN 4]

1

and Plaintiff's Response thereto [DN 5] denote that Defendant is a Massachusetts corporation with its principal place of business also located therein. *See* [DN 4 at 4; DN 5 at 1.] Ms. Hardesty initially filed suit in McCracken County Circuit Court on June 23, 2017, and Defendant removed the case to federal court. Now, Defendant seeks to have the case dismissed, claiming that because of its insufficient contacts with the state of Kentucky, this Court cannot exercise personal jurisdiction over it.

## II. DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may have a case dismissed for want of personal jurisdiction. Upon such a motion, it is incumbent upon the plaintiff to carry the burden of establishing that the court in question possesses personal jurisdiction over the defendant. *Welsh v. Gibbs*, 631 F.2d 436, 438 (6th Cir. 1980). When "[p]resented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives…." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). First, the court "may decide the motion upon the affidavits alone." *Id.* Second, the court "may conduct an evidentiary hearing to resolve any apparent factual questions." *Id.* Lastly, the court "may permit discovery in aid of deciding the motion." *Id.* And in its selection of one of the three options above, the district court has considerable discretion. *Id.* (citing *Michigan Nat. Bank v. Quality Dinette, Inc.*, 888 F.2d 462, 466 (6th Cir. 1989)).

Importantly, when a court disposes of a 12(b)(2) motion, it "does not weigh the controverting assertions of the party seeking dismissal." *Id.* at 1459. This rule is in place "in order to prevent non-resident defendants from regularly avoiding personal jurisdiction simply be filing an affidavit denying all jurisdictional facts, as the [Defendant] has done in the case" currently before this Court. *See id.* Further, "[a]lthough the plaintiff bears the burden of

demonstrating facts that support personal jurisdiction, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003); *see also Lindsey v. Cargotec USA, Inc.*, No. 4:09-cv-00071, 2010 WL 3397355, at *1 (W.D. Ky. Aug. 26, 2010).

This Court finds that the issue of whether it may exercise personal jurisdiction over Defendant warrants further limited discovery. Plaintiff has laid out evidence in her Complaint that, if true, seems to indicate some level of relationship between Defendant and the forum state. [DN 1-4.] Of course, Defendant denies any contact with Kentucky sufficient to warrant this Court exercising personal jurisdiction over it, and filed an affidavit with its Motion to Dismiss claiming the same. [*See* DN 4.] Resolution of the factual issues regarding (1) whether the chair in question was manufactured and sold by Defendant, and (2) how the chair came to be sold in a store in McCracken County, Kentucky necessitates further discovery in order for this Court to determine whether its exercise of personal jurisdiction over Defendant will be proper. Based upon this fact, this Court hereby permits Plaintiff to engage in limited jurisdictional discovery, focusing solely on the issue of whether personal jurisdiction exists.

### III. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED THAT** Defendant's motion to dismiss for lack of personal jurisdiction is **DENIED WITHOUT PREJUDICE.** The parties have until **November 8, 2017** to conduct limited discovery on the issue of personal jurisdiction. This matter is set for a **telephonic status and scheduling conference on November 9, 2017 at 9:00 AM Central Standard Time** before Senior Judge Thomas B. Russell. The Court will place the call.

**IT IS SO ORDERED.**

*Thomas B. Russell*

Thomas B. Russell, Senior Judge
United States District Court

cc: Counsel

September 12, 2017